## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

KIMBERLY BOYCE,

                    Plaintiff,

          v.

LVNV FUNDING LLC,

                    Defendant.

**Case No.:**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Kimberly Boyce, the Plaintiff herein, by her attorneys, as and for her complaint against the Defendant LVNV FUNDING, LLC ("LVNV"), alleges as follows:

### NATURE OF ACTION

1. Plaintiff brings claims pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq.*, and New York General Business Law § 349.

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681(p) and 28 U.S.C. §§ 1331, 1367.

3. Declaratory relief is available per 28 U.S.C. §§ 2201 and 2202.

4. The Court has supplemental jurisdiction over state claims per 28 U.S.C. § 1367.

5. Venue is proper in this District per 28 U.S.C. § 1391, as the acts, omissions and transactions that give rise to this action occurred, in substantial part, in this District.

6. Venue is also proper in this district because Plaintiff lives in this District, Defendant conducts business in this District, and the injury occurred in this District.

### PARTIES

7. At all relevant times, Plaintiff Kimberly Boyce has resided in the State of New York.

8.  Plaintiff is a "consumer" as that term is defined in the FDCPA, New York General Business Law § 349, and the rules of New York State Department of Financial Services.

9.  Defendant LVNV FUNDING LLC was and is a foreign limited liability that did transact and does now presently transact business in the State of New York through its registered agent Corporation Service Company located at 80 State Street, Albany, New York 12207.

10. Upon information and belief, the principal purpose of LVNV is the collection of debts using the legal system, instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

11. LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from Plaintiff.

13. Defendant is subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## FACTUAL ALLEGATIONS

14. Plaintiff adopts and realleges the foregoing as fully restated herein.

15. Prior to the commencement of this action, Plaintiff allegedly incurred a financial obligation with Bank of America, that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

16. Sometime thereafter, on a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

17. Consequently, Defendant began its collection efforts to collect said debt from Plaintiff.

18. Subsequently, on or about April 27, 2007, LVNV via its attorneys Kirschenbaum & Phillips PC, filed an action against the Plaintiff to recover the alleged debt in the Civil Court of the City of New York, County of New York, entitled LVNV Funding LLC, aao Bank of America v. Kimberly Boyce, Index No.: CV-020458/07 ("Civil Action").

19. Kirschenbaum & Phillips obtained a default judgment against the Ms. Boyce on or about August 23, 2007, in the amount of $5,866.90.

20. Ms. Boyce never knew this action against her existed until she received a notice of garnishment from NYC Marshal Henry Daley dated November 19, 2021.

21. On or about December 15, 2021, Plaintiff filed an Order to Show Cause to vacate the default judgment in the civil action. Said application was approved by Hon. Leslie A. Stroth of the New York County Civil Court.

22. In her application, Ms. Boyce maintained that service of the summons and complaint on her was improper because in May of 2007 when the process server claimed to have served her with the civil action, she was living in the country of Barbados and had not lived in the State of New York for least two years.

23. In its affidavit of service, LVNV claims to have serve the summons and complaint upon the Ms. Boyce on May 5, 2007, at 507 West 140th Street, #1, New York, New York 10031 and also to have spoken to "Jane" Harris, who stated that Ms. Boyce lived at this address.

24. Service of the summons and complaint upon Ms. Kimberly Boyce was never effectuated and the court never gained jurisdiction over her because, Ms. Boyce was living in the country of Barbados when the civil action was commenced against her and when the Defendant claimed to have served her with the civil action.

25. As per the facts stated above, it is clear that the summons and complaint filed with the court in the civil action was improperly served, which was the basis for an improperly obtained default judgment.

26. The Plaintiff was served with the civil action improperly, then a false affidavit of service was filed with the court. The affidavit of service consisted of numerous materially false statements, including but not limited to serving Plaintiff with the summons and complaint at an address the Plaintiff did not reside.

27. Defendant's representations to the court in its attempt to collect a debt that is not owed, is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

28. On December 22, 2021, Plaintiff via her counsel served Kirschenbaum & Phillips PC with a copy of the Order to Show Cause as per the court's directive.

29. With the service of the Order to Show Cause, Defendant and its attorneys were put on notice that Plaintiff was now represented by counsel.

30. Sometime thereafter, with knowledge that Ms. Boyce was represented by counsel, Defendant and its attorneys communicated with the Plaintiff directly, by sending or causing to be sent to the Plaintiff a letter dated January 24, 2022.

31. Defendant's letter was addressed directly to the Plaintiff at her address of residence, not her attorney.

32. Ms. Boyce's attorney never consented to Defendant communicating directly with the Plaintiff.

33. Defendant's letter to the Plaintiff is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

34. Consequently, Defendant maliciously sought collect the alleged debt from the Plaintiff.

35. Given the facts delineated above, Defendant obtained a judgment, which it sought to collect from the Plaintiff, based on a fraudulent affidavit of service.

36. Given the facts delineated above, Defendant's actions were to coerce the Plaintiff into paying a debt that is not owed by the Plaintiff.

37. Given the facts delineated above, at no time has Plaintiff owed any debt to Defendant.

38. Given the facts delineated above, at no time has Plaintiff had any accounts open with Defendant.

39. Given the facts delineated above, at no time has Plaintiff had any personal credit accounts with Defendant.

40. Given the facts delineated above, at no time has Plaintiff had any personal business relationship with Defendant.

41. Given the facts delineated above, at no time has Defendant had any information in its possession to suggest that Plaintiff owed a debt to Defendant.

42. Given the facts delineated above, at no time has Defendant had any information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendant.

43. In light of the facts articulated herein, Defendant attempted to collect a debt after it knows the consumer to be represented by an attorney.

44. In light of the facts articulated herein, Defendant utilized false and deceptive means in an attempt to oppress and harass Plaintiff into paying a debt.

45. In light of the facts articulated herein, Defendant utilized false and deceptive means to coerce Plaintiff into the paying debt.

46. In light of the facts articulated herein, Defendant utilized false and deceptive means in an attempt to oppress and harass Plaintiff into paying the debt.

47. In light of the facts articulated herein, Defendant attempted to collect a debt by communicating false representations or utilizing deceptive means.

48. In light of the facts articulated herein, Defendant attempted to collect a debt by mischaracterizing the amount and legal status of the alleged debt.

49. In light of the facts articulated herein, Defendant engaged in collection activity, the purpose of which was to harass the Plaintiff.

50. In light of the facts articulated herein, Defendant attempted to collect a debt not authorized by the agreement creating the debt or permitted by law.

51. Defendant's activity on these occasions were in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692e, 1692e(2), 1692e(10), 1692f and 1692f(1).

52. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendant.

53. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

54. Defendant is subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## PRACTICES OF THE DEFENDANT

55. It is or was the policy and practice of Defendant to collect or attempt to collect debts by utilizing various deceptive means.

56. It is or was the policy and practice of Defendant to collect or attempt to collect debts not authorized by any agreements.

57. Said practices and policies of Defendant are deceptive representations, which contradicts consumers' rights.

58. That the Defendant intentionally and knowingly and/or carelessly and recklessly collect debts from consumers, for the sole purpose of harassing consumers and coercing payment and collecting debts which they know or should know that the consumers do not owe.

59. Defendant's conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (c), (d), (e) and (f) in the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

60. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

61. Defendant's conduct violates GBL § 349(a) in the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

62. As per NY GBL § 349(a) and as a result of the above violations, Defendant is liable to the Plaintiff for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h) from each and every Defendant herein.

63. Plaintiff was damaged by the Defendant's conduct insomuch as experiencing worries and concerns and significant emotional harm as a result of Defendant's conduct in willfully violating the law. The circumstances surrounding the violation make it obvious that a reasonable person would suffer significant emotional harm.

64. Additionally, as a result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's collection attempts of a debt that the Plaintiff did not open nor authorize. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## ALLEGATIONS OF LAW

65. Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:  d, e, and f.

    i.   Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with the consumer after it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive.

    ii.   Defendant violated 15 U.S.C. § 1692d by harassing, oppressing and/or abusing the consumer by employing unfair tactics in attempt to collect a debt;

    iii.   Defendant violated 15 U.S.C. § 1692e by utilizing false, deceptive and misleading representation to collect a debt;

iv.  Defendant violated 15 U.S.C. § 1692e(2) by making false and misleading representations in connection to the character, amount and legal status of an alleged debt;

v.  Defendant violated 15 U.S.C. § 1692e(10) by utilizing false representations or deceptive means to collect an alleged debt;

vi.  Defendant violated 15 U.S.C. § 1692f by utilizing unfair and unconscionable means to collect an alleged debt;

vii.  Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement creating the debt or permitted by law;

66. To the extent that the Defendant attempted to collect a debt from Plaintiff even though Defendant knew or should have known that Plaintiff did not owe the underlying debt, Defendant's actions also violated New York State Statutes prohibiting Deceptive Acts and Practices.  *See* New York State Code Article 22-A. § 349.

## CLAIMS FOR RELIEF

**COUNT 1: Violation of § 1692c(a)(2) Of the FDCPA – After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive**

67. Plaintiff adopts and realleges the foregoing as fully stated herein.

68. Section 1692c(a)(2) of the FDCPA prohibits a debt collector communicating with a consumer after it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive. *See, 15 U.S.C. § 1692c(a)(2).*

69. Defendant's violation of § 1692c(a)(2) of the FDCPA, include, but are not limited to, contacting the consumer directly when they know the consumer is represented by counsel

and said counsel did not consent to Defendant contacting the consumer, in an attempt to collect a debt.

70. Defendant's violation of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692*.

71. Defendant's actions committed in violation of § 1692c(a)(2) have caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

72. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692c(a)(2) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

73. Defendant's violation of § 1692c(a)(2) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k(a)(1)*.

74. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT 2: Violation of § 1692d of the FDCPA – Any conduct the natural consequence of which is to harass, oppress, or abuse any person

75. Plaintiff adopts and realleges the foregoing as fully stated herein.

76. Section 1692d of the FDCPA prohibits a debt collector from using any conduct which the natural consequence of which is to harass, oppress or abuse any person. *See, 15 U.S.C. § 1692d*.

77. Defendant's violation of §1692d of the FDCPA, include, but are not limited to, intentionally engaging in collection activity of a judgment that was obtained pursuant to false affidavit of service. Moreover, Defendant knew it lacked the standing and grounds to collect on this alleged debt. The consequence of this conduct of the Defendant was the harassment and abuse of the Plaintiff.

78. Defendant's violation of §1692d of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k.*

79. By engaging in conduct with the sole purpose of harassing the Plaintiff into payment of a judgment that was obtained pursuant to a false affidavit of service, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

80. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of §1692d of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

81. Defendant's violation of § 1692d of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k(a)(1).*

82. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT 3: Violation of § 1692e Of the FDCPA – Any other false, deceptive, or misleading representation or means in connection with the debt collection**

83. Plaintiff adopts and realleges the foregoing as fully stated herein.

84. Section 1692e of the FDCPA prohibits a debt collector from using any other false, deceptive, or misleading representation or means in connection with the debt collection. *See, 15 U.S.C. § 1692e.*

85. Defendant's violation of §1692e of the FDCPA, include, but are not limited to, intentionally engaging in collection activity of a judgment that was obtained pursuant to false affidavit of service. Moreover, Defendant knew it lacked the standing and grounds to collect on this alleged debt. Defendant knew that Plaintiff did not owe the debt, but still engaged in activity that were tantamount to false and deceptive representations and false and deceptive means to collect the alleged debt.

86. A representation is "deceptive" under section 1692e if it is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012).

87. There are multiple judicious interpretations of Defendant's violation of §1692e in this case at bar. Defendant's communications can be construed as the debt being an authentic debt owed by the Plaintiff and Defendant having the legal right to collect it.

88. Defendant's violation of §1692e of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k.*

89. By engaging in false and deceptive means and utilizing false and deceptive representations in order to coerce payment of a judgment that was obtained pursuant to a false affidavit of service, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

90. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of §1692e of the FDCPA, Plaintiff was damaged in that she, among other things,

suffered stress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

91. Defendant's violation of § 1692e of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k(a)(1).*

92. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT 4: Violation of § 1692e(2) Of the FDCPA – False or misleading representations in communications regarding character, amount or legal status of the alleged debt**

93. Plaintiff adopts and realleges the foregoing as fully stated herein.

94. Section 1692e(2) of the FDCPA prohibits a debt collector from misrepresenting the character, amount or legal status of an alleged debt to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. *See, 15 U.S.C. § 1692e(2).*

95. Defendant's violations of § 1692e(2) of the FDCPA, include, but are not limited to, seeking to collect a debt from the Plaintiff not authorized by an agreement or permitted by law. Defendant purposefully misrepresented and mischaracterized the amount and legality of the alleged debt throughout its collection attempts. By obtaining a judgment pursuant to a false and defective affidavit of service, Defendant intentionally and negligently represented the alleged debt was a viable account that was to be collected by Defendant and paid to the Defendant. Defendant knew or should have known that collecting this debt was not

permitted by law. Defendant's actions were false representations of the amount of the character, amount and legal status of the alleged debt.

96. Collecting a debt which is not owing falls under misrepresenting the "character, amount, or legal status" of the debt. *See Finnegan v. University of Rochester Medical Center*, 21 F.Supp.2d 223 (W.D.N.Y. 1998).

97. Defendant's violations of § 1692e(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

98. By seeking to collect a debt from Plaintiff not authorized by a contract or law, thus representing to Plaintiff that the alleged debt was a viable account which could be paid and collected, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

99. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692e(2) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

100. Defendant's violations of § 1692e(2) of the FDCPA render it for actual damages, costs, and reasonable attorneys' fees. *See 15 U.S.C. § 1692k(a)(1).*

101. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT 5: Violation of § 1692e(10) Of the FDCPA – Any  false representation or deceptive means to collect a debt or obtain information about a consumer**

102. Plaintiff adopts and realleges the foregoing as fully stated herein.

103.     Section 1692e(10) of the FDCPA prohibits a debt collector from communicating any false representation or deceptive means to collect a debt. *See, 15 U.S.C. § 1692e(10)*

104.     Defendant's violations of §1692e(10) of the FDCPA, include, intentionally engaging in collection activity of a judgment that was obtained pursuant to false affidavit of service. Moreover, Defendant knew it lacked the standing and grounds to collect on this alleged debt.  Defendant knew that Plaintiff did not owe the debt, but still engaged in activity that were tantamount to false and deceptive means to collect the alleged debt.

105.     Defendant's violations of §1692e(10) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

106.     By engaging in false and deceptive means in order to coerce payment of a judgment that was obtained pursuant to a false affidavit of service, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

107.     As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

108.     Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.


**COUNT 6: Violation of § 1692f Of the FDCPA – any unfair or unconscionable means to collector attempt to collect the alleged debt**


109.     Plaintiff adopts and realleges the foregoing as fully stated herein.

110.    Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. *See, 15 U.S.C. § 1692f.*

111.    Defendant's violations of §1692f of the FDCPA, include, but are not limited to, intentionally engaging in collection activity of a judgment that was obtained pursuant to false affidavit of service. Moreover, Defendant knew it lacked the standing and grounds to collect on this alleged debt. Defendant knew that Plaintiff did not owe the debt, but still engaged in its collection activity. Defendant's actions were unfair and unconscionable means to collect the alleged debt.

112.    The least sophisticated consumer standard is used to determine whether a practice is unfair or unconscionable. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1200–01 (11th Cir. 2010); cf. *Schweizer v. Trans Union Corp.,* 136 F.3d 233, 237 (2d Cir. 1998).

113.    Defendant's violations of §1692f of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k.*

114.    By engaging in conduct with that were unfair and unconscionable in order to coerce the Plaintiff to pay a judgment that was obtained pursuant to a false affidavit of service, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

115.    As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

116.     Plaintiff requests that Defendant be enjoined from attempting to collect the debt

alleged to be owed by her because Defendant engaged in behavior which was harassing or

abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive

towards Plaintiff.

**COUNT 7: Violation of § 1692f(1) Of the FDCPA – Any collection or attempt to collect any amount not authorized by the agreement creating the debt or permitted by law**

117.     Plaintiff adopts and realleges the foregoing as fully stated herein.

118.     Section 1692f(1) of the FDCPA prohibits a debt collector from using any unfair

means to attempt to collect any amount not authorized by the agreement creating the debt

or permitted by law.  _See, 15 U.S.C. § 1692f(1)._

119.     Defendant's violations of § 1692f(1) of the FDCPA, include, but are not limited

seeking to collect a debt from the Plaintiff not authorized by an agreement or permitted by

law. Defendant purposefully misrepresented and mischaracterized the amount and legality

of the alleged debt throughout its collection attempts. By obtaining a judgment pursuant to

a false and defective affidavit of service, Defendant intentionally and negligently

represented the alleged debt was a viable account that was to be collected by Defendant

and paid to the Defendant. Defendant knew or should have known that collecting this debt

was not permitted by law. Defendant's actions were clearly not permitted by law.

120.     Defendant's violations of § 1692f(1) of the FDCPA render it liable for statutory

damages, costs, and reasonable attorneys' fees. _See, 15 U.S.C. § 1692k._

121.     By seeking to collect a debt from Plaintiff not authorized by a contract or law, thus

representing to Plaintiff that the alleged debt was a viable account which could be paid and

collected, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

122.     As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f(1) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

123.     Defendant's violations of § 1692f(1) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. _See_ _15 U.S.C. § 1692k(a)(1)._

124.     Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

### COUNT 8: Violations of the New York General Business Law § 349

125.     Plaintiff adopts and realleges the foregoing as fully stated herein.

126.     Under New York General Business Law §349(a), deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

127.     Defendant's violations of § 349(a) of the NY GBL, include, but are not limited to, intentionally intentionally engaging in collection activity of a judgment that was obtained pursuant to false affidavit of service. Moreover, Defendant knew it lacked the standing and grounds to collect on this alleged debt. Defendant knew that Plaintiff did not owe the debt, but still engaged in activity that were tantamount to false and deceptive representations and false and deceptive means to collect the alleged debt. Defendant's actions were deceptive acts and practices in its course of business.

128.       Defendant's violations of § 349(a) of the NY GBL, include, but are not limited to,

seeking to collect a debt from the Plaintiff not authorized by an agreement or permitted by

law. Defendant purposefully misrepresented and mischaracterized the amount and legality

of the alleged debt throughout its collection attempts. By obtaining a judgment pursuant to

a false and defective affidavit of service, Defendant intentionally and negligently

represented the alleged debt was a viable account that was to be collected by Defendant

and paid to the Defendant. Defendant knew or should have known that collecting this debt

was not permitted by law. However, Defendant still continued its collection activity,

knowing it had no legal right to do so. Defendant's actions were clearly not permitted by

law and were false representations of the amount of the character, amount and legal status

of the alleged debt. Defendant's actions were deceptive acts and practices in its course of

business.

129.       Defendant's violations of § 349(a) of the NY GBL render it liable for statutory

damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

130.       Defendant's violations of § 349(a) of the NY GBL has caused Plaintiff to suffer

actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

131.       As a direct and proximate result of Defendant's conduct committed in violations of

§ 349(a) of the NY GBL, Plaintiff was damaged in that she, among other things, suffered

emotional distress, anxiety and humiliation as a result of Defendant's abusive attempts to

collect a debt.

132.       Defendant's violations of § 349(a) of the NY GBL render it liable for actual

damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

133.     Plaintiff requests that Defendant be enjoined from attempting to collect the debt

alleged to be owed by her because Defendant engaged in behavior which was harassing or

abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive

towards Plaintiff.

## **PRAYER FOR RELIEF**

Plaintiff, Kimberly Boyce prays that this Court:

a.  Declare that Defendant violated the FDCPA;

b.  For an award of actual and treble damages pursuant to 15 U.S.C. § 1692k against

the Defendant and for Plaintiff;

c.  Enter judgment in favor of Plaintiff and against the Defendant, for statutory

damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the

FDCPA;

d.  Declare that the Defendant violated the NY GBL;

e.  Enter judgment in favor of Plaintiff and against the Defendant, for statutory

damages, costs, and reasonable attorneys' fees as provided by § 349(h) of the

NY GBL.

f.  Enter judgment enjoining the Defendant from collecting or attempting to collect

any debt alleged to be owed by Plaintiff,

g.  Grant such further relief as deemed just.

## **JURY DEMAND**

Plaintiff, Kimberly Boyce demands trial by jury.

Dated: May 11, 2022

Respectfully submitted,

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone: (212) 766-3323
Facsimile: (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**